UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MOHIT SALARIA (A-Number: 246-633-324),

Petitioner,

v.

TONYA ANDREWS, Administrator of Golden State Annex; TODD LYONS, Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States,

Respondents.

No. 1:26-cv-07515-KES-EGC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Mohit Salaria is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL

3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5. Respondents first filed an answer with wrong petitioner name and case number on September 21, 2026. Doc. 6 at 1. On September 24, 2026, Respondents timely filed an amended answer after the court issued an order requiring respondents to resubmit an answer addressing the correct petitioner. Docs. 8, 9, 10.

Respondents acknowledge that "[p]etitioner is detained pursuant to 8 U.S.C. § 1226(a)," but they argue that petition has not requested a bond hearing and that "section 1226(a) does not require the government to bear the burden." Doc. 9 at 1, 3. This Court has rejected respondents' arguments and held that where the government has previously determined that a noncitizen should be released as he did not pose a flight risk or danger, the government must bear the burden of establishing that changed circumstances warrant his present detention. Respondents do not distinguish those authorities or raise any argument that this Court has not previously considered.

Respondents argue that "[a] bond hearing in lieu of release is particularly appropriate when, as here, [p]etitioner has been arrested[.]" *See* Doc. 9 at 3. But respondents do not dispute petitioner's evidence showing that petitioner was not charged with an offense and that his local arrest on March 23, 2025 was "converted to a detention only," because there was "[i]nsufficient evidence to proceed." *See* Doc. 1-5 at 2. Nor do respondents dispute petitioner's assertion that he informed immigration authorities about that detention during a scheduled appointment with ICE in 2025—a year before ICE agents re-detained him in September 2026. *See* Doc. 1 at 5.

In this case, that bond hearing should have been provided before petitioner was re-detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the

*Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents do not establish any urgent circumstances in this case.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Mohit Salaria (A-Number: 246-633-324) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. [1]

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: October 30, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.